UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BOBBY JOE HENDERSON** | **CIVIL ACTION NO. 17-630-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN KNIGHT** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Bobby Joe Henderson, pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on May 11, 2017. Petitioner is incarcerated in the River Bend Detention Center in Lake Providence, Louisiana. He names Warden Knight as respondent.

On February 22, 2012, Petitioner pleaded guilty in the Louisiana Second Judicial District Court, Parish of Claiborne, to one count of forcible rape. Subsequently, he was sentenced to 18 years imprisonment at hard labor.

It appears that Petitioner is raising the following grounds in support of his petition[1]: (1) the State breached the plea agreement; (2) the State withheld favorable evidence; (3)

---

[1] The court ordered Petitioner to submit the grounds he raises in support of his application for writ of habeas corpus [Doc. 5]. Petitioner filed a response to the order, but failed to submit the grounds he raises in support of his petition [Doc. 6].

he was subjected to double jeopardy; (4) his plea was not voluntary; (5) the evidence was insufficient to support his conviction; (6) the State was vindictive and committed misconduct; and (7) he received ineffective assistance of counsel (10 claims).

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner has failed to demonstrate that he has exhausted his available state court remedies as to the claims presented in this petition. This court ordered Petitioner to file a

Page **2** of **4**

copy of the legal memorandum he filed at each level of the state courts and the date that it was filed and the responses he received from each state court [Doc. 5]. Petitioner filed a response but failed to comply with the court order [Doc. 6]. Thus, Petitioner has failed to demonstrate his state court remedies were exhausted prior to filing his petition in this court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 11th day of April, 2018.

Mark L. Hornsby
U.S. Magistrate Judge